22 C. C. P. A. (Patents)

### In re McILVAINE.

Patent Appeal No. 3492.

Court of Customs and Patent Appeals.

June 3, 1935.

BLAND, Associate Judge, dissenting in part.

———◆———

J. Preston Swecker, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Appellant here brings before us for review the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner denying patentability, in view of the prior art, of all the claims of an application for patent, entitled "Improvement in Food Containers and Method of Preparing the Same."

Nine claims are involved, numbered 18 and 21–28, inclusive. Nos. 18 and 24 are method claims. The others are for the product.

Nos. 18 and 21 are quoted as typical:

"18. A method of forming a food container from the hull of natural fruit or the like, comprising removing a portion of the hull to form an opening removing the edible interior portion from within the hull, conserving the hull with sugar to render it edible and air tight, thereafter filling the conserved hull with a food product or the like, and capping and sealing the opening in the hull with the portion removed to form the opening."

"21. A food container comprising an edible hull of preserved natural fruit or the like from which the interior portion has been removed, and having an opening for receiving a food product, and to be sealed, and a cap for said opening and having sealing connection with the edges of said opening."

All the claims except 21 and 28 contain the feature of an air-tight hull, and all except 27 and 28 specifically recite that the preserved hull is edible. All require that the hull be preserved, claim 28 reciting "preserved against decay." Claim 26 contains the feature of covering the container with an approximately transparent paper. All the claims require that, after the hulls shall have been filled, the

several portions shall be sealed, the specification recites, "by means of sealing-wax, parrafin, or some other sealing substance." Of certain samples filed as exhibits, the statement was made orally during the argument before us that the sealing material is composed of a sugar preparation.

The specification recites numerous alleged advantages to be derived from the container; one claim being that it "forms a container for the food product, which is as effective in maintaining the same in its preserved condition as either glass or metal containers usually employed." It is said to be less breakable than glass, and it is claimed that by its development and use large quantities of fruits, particularly citrous fruits, which formerly went to waste, in part because of the expense of procuring suitable containers, may now be utilized.

It is proper to say that the specification places emphasis upon the use of such hulls as those of the orange and grapefruit, and the food products are "preferably some form of marmalade or preserves made from the citrous fruit itself, or the fruit juice."

The prior art cited consists of a patent to Cressey, No. 1,383,290, issued July 5, 1921, and the following publications: "Ice Cream and How to Make It," by Gratz, 1920, Oranges to be Filled with Punch or Sherbert, pp. 4–55; "The Complete Confectioner Pastry Cook and Baker," by Parkinson, 1844, p. 60; "The Royal Confectioner," by Franeatelli, 1874—Compote of Orange Baskets Filled with Fruits, pp. 52 and 385.

The Cressey patent is for a method of forming a spherical container for confections and the like "of dough or other suitable material and baked crisp." It seems to have been cited solely because it discloses sections fastened together with a sealing material.

The Board of Appeals recites the disclosures of the publications in the following excerpt from its decision: "The Gratz publication discloses that it is old to cut a round piece out of the top of an orange, remove the fruit from the hull, rinse the hull in cold water, chill it and then fill it with a food product and use the piece which has been cut out of the hull as a lid to close the opening. It is old as disclosed in 'The Royal Confectioner' to conserve the major portion of an orange hull which is in the form of a basket and to utilize it as a food container. It is also old as disclosed in 'The Complete Confectioner Pastry Cook and Baker' to conserve whole orange peels. In view of the two latter publications it is believed that it would not amount to invention to conserve the shell or hull of Gratz."

It should be borne in mind that appellant's claims all relate to the food container, and the specific manner of preserving the hull is not claimed to be inventive; it being conceded that "it was well-known that sections of orange and lemon peel and citron were conserved long before this invention."

Appellant has particularly stressed the "air-tight" feature of his combination, and, as a part of the record, filed affidavits by parties who testified that they had attempted to carry out the processes of the prior art publications, particularly the process of "The Complete Confectioner Pastry Cook and Baker" by Parkinson, with results which were entirely unsatisfactory in respect to producing an air-tight container preserved against decay.

Appellant, emphasizing the air-tight element of his claims, filed petition for rehearing before the Board of Appeals, which was granted. In its second decision the Board made no specific comment upon that phase, but recited that the Parkinson publication "was relied upon as disclosing that it is old to conserve or preserve the hulls and not for its disclosure of any particular method employed," and said that "clearly enough if it is not new to conserve the peeling or hull of citrus fruit, invention may not be predicated on conserving it in any well known manner."

Were the issue confined merely to the hulls and a method of preserving them, we should unhesitatingly agree with the decisions of the tribunals of the Patent Office, but, as has been stated, appellant's claims are for a food container which, it is evident from the record, is a new and, we think, a novel article. The record shows that it has become commercially successful.

Appellant's combination produces something which the prior art fails to disclose, and, upon full consideration, we feel constrained to disagree with the Patent Office tribunals upon the question of its patentability. In our opinion, the modifica-

tions of the prior art made by him in order to produce the article may properly be held to be inventive within the spirit and purpose of the patent law. In re John Rikard Uddenborg, 39 F.(2d) 710, 17 C. C. P. A. (Patents) 1016.

Accordingly, the decision of the Board of Appeals is reversed.

Reversed.

BLAND, Associate Judge, dissents as to claims Nos. 21, 24, and 28.